IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HUBERT NATHANS,     Movant, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | : : | CRIMINAL ACTION NO. 1:18-CR-00314-TCB-1 |
| | : | |
| UNITED STATES OF AMERICA,     Respondent. | : : | CIVIL ACTION NO. 1:23-CV-05577-TCB-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Hubert Nathans, confined at Federal Correctional Institution Memphis in Memphis, Tennessee, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 35.) Respondent filed a response. (Doc. 40.)

For the reasons stated below, it is **RECOMMENDED** that the instant motion to vacate (Doc. 35) be **DENIED**.

## I.   BACKGROUND

On November 16, 2022, Movant was convicted of conspiracy to distribute and possession with the intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846, and he was sentenced to 144 months of imprisonment. (Doc. 33.) Movant did not file a direct appeal. (Doc. 40 at 6.) Alexandra Lagouros, acting pursuant to a general power of attorney, filed the instant § 2255 motion, dated

November 30, 2023, on behalf of Movant, which was received by the Clerk on December 4, 2023. (Doc. 35 at 13, 24.)

In the motion, Movant raises the following claims:

(1) Counsel was ineffective for failing to ask the Court to give Movant credit for time spent in home confinement;

(2) Counsel was ineffective for failing to object to the calculation of Movant's criminal history;

(3) Movant should be allowed to be housed in a federal prison camp; and

(4) Counsel was ineffective for failing to spend sufficient time with Movant and answer his questions.

(*Id.* at 4–5, 7–8.)

**II.    DISCUSSION**

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Under Georgia law, it is "unlawful for any person other than a duly licensed attorney at law . . . [t]o render legal services of any kind in actions or proceedings of any nature." O.C.G.A. § 15-19-51(a)(6). In addition, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11.

The instant § 2255 motion is not signed by Movant. Instead, it is signed by Alexandra Lagouros, acting pursuant to a general power of attorney. However, a

power of attorney does not authorize a non-attorney to sign another person's behalf. *Barker v. JP Morgan Chase Bank*, No. 1:15-CV-4469-RWS-JFK, 2016 WL 9453816, at *1 (N.D. Ga. Mar. 25, 2016) (collecting cases); *see also United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (rejecting a § 2255 motion signed by a person acting to a general power of attorney). There is no indication that Movant is incapacitated or otherwise unable to sign his own documents. The instant motion is therefore defective, as it is unsigned by Movant.

Nevertheless, even accepting the motion despite its defect, the motion is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) the movant's convictions became final; (2) a governmental impediment to filing the movant's federal habeas application was removed; (3) a constitutional right on which the movant relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) the movant, with due diligence, could have discovered the facts supporting his claims. 28 U.S.C. § 2255(f)(1)–(4). The limitations period in § 2255(f) is subject to equitable tolling. *Akins v. United States*, 204 F.3d 1086, 1089

(11th Cir. 2000); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (applying equitable tolling to 28 U.S.C. § 2254 petitions).

Based on his motion, Movant does not indicate that the circumstances set forth in § 2255(f)(2)–(4) apply.  Turning to § 2255(f)(1), Movant's conviction became final on November 30, 2022, when the 14-day time limit to file a notice of appeal of his criminal judgment expired.  *See* Fed. R. App. P. 4(b)(1)(A); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (explaining that "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires").  Movant then had one year, until November 30, 2023, to file a § 2255 motion.  *See* § 2255(f)(1).  Movant, however, did not file his § 2255 motion until December 4, 2023, when it was received by the Clerk.[1]  (*See* Doc. 35 at 24.)  His motion is therefore untimely by four days.

As noted earlier, the limitations period in § 2255(f) is subject to equitable tolling.  *Akins*, 204 F.3d at 1089.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

---

[1] Under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (internal quotation marks omitted); *accord* 28 U.S.C. foll. § 2255, Rule 3(d).  Here, however, the motion was mailed by Lagouros, who is not a prisoner and is therefore not entitled to application of the mailbox rule.

4

extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks omitted). Here, Movant is not entitled to equitable tolling because he has not shown that he pursued his rights diligently and that an extraordinary circumstance preventing timely filing occurred during the one-year period in which he could have sought § 2255 relief. Thus, this action is untimely and is subject to dismissal.[2]

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

---

[2] Even if the motion were not untimely, Movant has not shown that he is entitled to relief. First, counsel was not ineffective for failing to seek home confinement credit because a prisoner is not entitled to sentencing credit for time spent in home detention. *See Rodriguez v. Lamer*, 60 F.3d 745, 748 (11th Cir. 1995). Second, counsel was not ineffective for failing to object to Movant's criminal history calculation because the Sentencing Guidelines require inclusion of sentences of less than one year. *See* U.S.S.G. § 4A1.1(b), (c). Third, Movant's claim that he should be allowed to go to a federal prison camp is not cognizable in a § 2255 motion. Finally, Movant has not shown that counsel was ineffective for being insufficiently responsive.

§ 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## IV. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the instant motion to vacate (Doc. 35) be **DENIED** and a certificate of appealability be **DENIED**. The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this  17  day of   September  , 2024.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE